# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: L.M, S.W., J.W., and K.W.**

**No. 13-1104** (Mercer County 12-JA-172 through 12-JA-175)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Elizabeth French, appeals the Circuit Court of Mercer County's October 1, 2013, order terminating his parental, custodial, and guardianship rights to L.M, S.W., J.W., and K.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem, Allison Huson, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed an abuse and neglect petition against Petitioner Father. The petition alleged that Petitioner Father committed multiple acts of domestic violence in the presence of the children. By order entered on March 20, 2013, Petitioner Father stipulated that he abused the children by committing acts of domestic violence in their presence. The circuit court then granted Petitioner Father a post-adjudicatory improvement period.[2]

Thereafter, Petitioner Father was arrested for the manufacture/delivery of a controlled substance and was sentenced to a term of incarceration of two to twenty years. At the dispositional hearing on September 13, 2013, the circuit court heard testimony from a child protective services worker. After considering the evidence and the arguments of counsel, the circuit court terminated Petitioner Father's parental, custodial, and guardianship rights. It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

---

[1]Petitioner Father is the biological father of K.W. only.

[2]The record is devoid of any information regarding the length of the post-adjudicatory improvement period or its terms and conditions.

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental, custodial, and guardianship rights to the children based solely upon his incarceration. This Court has stated:

When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id*. The case of *In re: Cecil T.* also recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id*. at 96, 717 S.E.2d at 880.

During disposition, the circuit court heard testimony that Petitioner Father was sentenced to a term of incarceration of two to twenty years for the manufacture/delivery of a controlled substance. The circuit court also correctly considered that Petitioner Father could no longer participate in his improvement period because of the length of his incarceration. "[I]ncarceration may unreasonably delay the permanent placement of the child deemed abused or neglected, and the best interests of the child would be served by terminating the incarcerated person's parental rights." *Id*. at 97, 717 S.E.2d at 881. The circuit court then determined that it was in the children's best interest to terminate his parental, custodial, and guardianship rights to achieve permanency, security, stability, and continuity. This Court finds that the circuit court did not violate the principles of *In re: Cecil T.* in this case.

For the foregoing reasons, we find no error in the decision of the circuit court and the October 1, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3